## E. P. DWIGHT *v.* BELLOCQ, NOBLOM & CO.

If a suit be instituted against an absentee who has no known agent in the State, or for the administration of whose property no curator has been appointed, the Judge, before whom the suit is pending, shall appoint a curator ad hoc to defend the absentee in the suit.

APPEAL from the Second District Court of New Orleans, *Bermudez*, J. *Durant & Hornor*, for plaintiff. *Fellows & Mills*, for defendants.

HOWELL, J. This is an action to annul a judgment against plaintiff, on the grounds, that he was not brought into Court by his property or by personal citation ; that the appointment of a curator ad hoc in said suit was illegal and null, and that there was no sale of the property pledged to defendants by plaintiff. Judgment was rendered in the lower Court, dismissing plaintiff's suit, and he has appealed.

The record of the proceedings, sought to be annulled, is in evidence before us; and, from an inspection of it, we find that plaintiffs therein, who are defendants here, instituted suit against the defendant (plaintiff herein) as an absentee, to enforce their right of pledge upon certain stock of the Good Intent Towboat Company, and had a curator ad hoc appointed to represent him, contradictorily, with whom the proceedings were conducted, and judgment was rendered for the amount of their claim, and the stock, pledged to them to secure it, ordered to be transferred to them, at its appraised value, under the provisions of Article 3132 C. C.

From a careful examination of the authorities upon this subject, we have come to the conclusion that it was a case in which the appointment of a curator ad hoc was authorized, and, consequently, the suit maintainable, as Dwight, the defendant, was an absentee, and had property within the jurisdiction of the Court to be affected by the judgment to be rendered. See C. C. 57; C. P. 116; 2 A. 1010; 6 A. 220. There is nothing decided in the case of *Dupuy* v. *Hunt*, 2 A. 562, which does not support the validity of such a proceeding.

Whatever errors or irregularities may exist in the said suit of *Bellocq, Noblom & Co.* v. *Dwight*, can be corrected, and the rights of parties therein protected, when the case is properly before us on appeal, as we perceive that an appeal has been taken. Plaintiff in this action has shown no grounds to authorize a judgment annulling the judgment in said suit. C. P. 606.

Judgment affirmed, with costs.